UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

IN RE:                                    )    Chapter 13
                                          )
    MIKHAIL SERGEYCHIK,                   )
                                          )    Case No: 10-32180-HJB
_____Debtor._____)

**MOTION FOR AUTHORITY TO SELL REAL ESTATE
LOCATED AT 2 WESTVIEW LANE, FEEDING HILLS, MASSACHUSETTS**

Now comes the Debtor, MIKHAIL SERGEYCHIK, by and through his attorney, and, hereby moves this Honorable Court for authority to sell asset owned by the Debtor as provided for in the provisions of 11 U.S.C. § 363 (b) (f) and (h) and Fed. R. Bankr. P. 6004 and MLBR 6004-1, and MLBR 13-14, outside the ordinary course of business free and clear of liens, claims and encumbrances to Arseniy Sergeychik and Dina Sergeychik, (the "Proposed Buyers" or "Buyers") for the purchase price of $315,000.00. The facts are as follows:

1. The Debtor, Mikhail Sergeychik, filed a Chapter 13 proceeding on October 25, 2010.

2. The Debtor owns real estate located at 2 Westview Lane, Feeding Hills, Massachusetts (hereinafter "Property").

3. The Debtor and Buyers executed a Purchase and Sale Agreement for the property on January 18, 2013. A copy of the Purchase and Sale Agreement is annexed hereto as Exhibit A. Buyers are the Debtor's brother and sister-in-law, who currently reside in, and pay rent for the property.

4. The Debtor believes that the proposed purchase price for the property is fair and reasonable. The proposed sale price is consistent with a recent appraisal of the property.

5. The Debtor believes that a private sale will generate a higher sale price that would a public sale.

6. The Property is subject to a first mortgage currently held by US Bank, N.A. with an approximate balance due on said mortgage of $342,000.00

7. The Property is subject to a second mortgage to US Bank, N.A. with an approximate balance due on said mortgage of $59,930.00.

8. Debtor proposes to pay from sale proceeds, all closing fees and costs, including allowed fees and expenses of Counsel to the Debtor, outstanding real estate taxes, water and sewer charges, if any, and other related closing costs. The remainder shall be distributed to the holder(s) of secured creditors with liens attaching to the proceeds in the order of priority subject to the determination by the Court as to their priority, validity, and amount of such interest.

9. Prior to filing his bankruptcy petition, Debtor sought to sell the property, but no offers were received. This proposed sale is without real estate commissions.

10. The Debtor desires to sell the asset to the Buyer, pursuant to the Purchase and Sale Agreement referenced herein. Upon this Court's issuance of the counteroffer/objection deadline and a hearing date, Debtor will serve the Notice of Intended Private Sale of the asset, free and clear of liens, claims and encumbrances on all creditors listed by the Debtor, all parties in interest who have requested notice, all prospective buyers who have contacted the Debtor or who have expressed interest in the

property, and those required to be served by the Federal Rules of Bankruptcy Procedure and the Massachusetts Local Bankruptcy Rules.

A copy of the Notice of Intended Private Sale, filed simultaneously hereto, sets forth fully the terms of the proposed sale.

WHEREFORE the Debtor prays that this Honorable Court enter an Order approving the attached form of Notice, allowing this Motion for Order Authorizing and Approving Private Sale of Property of the Estate Free and Clear of Liens, Claims and Encumbrances, and for such further Order as is deemed necessary.

                                          MIKHAIL SERGEYCHIK
                                          THE DEBTOR

Dated:  March 2, 2013

                                          /s/ Eric D. Kornblum
                                          Eric D Kornblum, Esq.
                                          94 North Elm Street, Suite 310
                                          Westfield, MA 01085
                                          Tel.  413-568-3900
                                          Fax: 413-568-3955
                                          BBO# 561614
                                          e-mail: kornblumlaw@msn.com

## REAL ESTATE PURCHASE AND SALE AGREEMENT

1. **PARTIES.** This Agreement is made this 18 day of January 2013, between **MIKHAIL SERGEYCHIK**, of 38 Lower Mass Avenue, West Springfield, Massachusetts, hereinafter called SELLER, and **ARSENIY SERGEYCHIK**, and **DINA SERGEYCHIK** of 2 West View Lane, Agawam, Massachusetts, hereinafter called the BUYERS.

2. **DESCRIPTION.** Subject to the terms and conditions hereinafter set forth, the SELLER agrees to sell and the BUYERS agree to buy the following bounded and described premises: **2 West View Lane, Agawam, Massachusetts,** which is more particularly described in a Deed dated October 10, 2006, and recorded in the Hampden County Registry of Deeds in Book 16325, Page 153.

3. **BUILDINGS, STRUCTURES, IMPROVEMENTS, FIXTURES.** Included in the sale as part of said premises are all buildings, structures, improvements and fixtures located in or on the premises belonging to the SELLER and used in connection therewith including, IF ANY, all venetian blinds, curtain rods, window shades, wall to wall carpeting, screen doors, storm windows and doors, awnings, shutters, furnaces, heaters, oil and gas burners and fixtures appurtenant thereto, hot water tanks, plumbing fixtures, electrical and other lighting fixtures, TV antennas, rotors and controls, garage door openers and controls, mantels, fences, gates, trees, shrubs, plants, and, IF BUILT-IN, exhaust fans, garbage disposers, dishwashers, air conditioning equipment, kitchen ranges and ovens, and vacuum cleaners.

    Items to be transferred to the BUYERS in "as is" condition and not to be considered part of the sale are (if none, state "none"):   NONE

    Not included in the sale as part of the premises are the following items (if none, state "none"):  _____

    The following fixtures/systems/components are rented and not owned by the SELLER (if none, state "none"):  None

4. **TITLE.** Said premises are to be conveyed on or before March 29, 2013 (Subject to Bankruptcy approval) by a good and sufficient Deed of the SELLER which shall be a Deed of equal character and covenants as held by the SELLER, conveying a good, clear record and marketable title to the same free from all encumbrances, except:
    a. Usual public utilities servicing the premises, if any;
    b. Taxes for the current year not due and payable on the date of delivery of the Deed
    c. Any liens for municipal assessments and/or special condominium assessments and/or orders for which assessments may be made after the date of this Agreement;
    d. Restrictions and easements of record, if any, which do not materially affect the or value or current use (single family residence) of the premises;

 e. Provisions of existing building and zoning laws.

5. **ADDITIONAL DOCUMENTATION AT CLOSING.** The SELLER agrees to execute and deliver simultaneously with the delivery of the Deed such certifications as may reasonably be required by the BUYERS' attorney or the BUYERS' mortgage lender including, without limitation, documents relating to the absence of tenants in the premises, the absence of mechanic's or materialmen's liens, the payment of municipal liens, the absence of UFFI at the premises and the SELLER'S compliance with requirements imposed upon residential SELLER with respect to UFFI and Smoke and Carbon Monoxide Detectors by statute and applicable regulations, the underlying financial terms of the purchase and sale, the citizenship and residency of the SELLER, and the SELLER'S taxpayer identification number and forwarding address.

6. **CONSIDERATION.** For such deed and conveyance the BUYERS are to pay the sum of ............................................................................... Price $315,000.00
of which ...................................................................Deposit $ 15,750.00
have been paid this day as a deposit and ............. Balance Due $299,250.00
are to be paid in cash, or by certified check, Massachusetts Attorney's IOLTA check or bank check upon delivery of the Deed.

7. **PERFORMANCE.** The deed is to be delivered and the consideration paid at the Registry of Deeds in which the Deed should be by law recorded March 29, 2013 at 10:00 a.m./p.m. unless some other place and time should be mutually agreed upon. To enable the SELLER to make conveyance as herein provided, the SELLER may, at the time of delivery of the Deed, use the purchase money or any portion thereof to clear the title of any and all encumbrances or interests, or in the case of institutional mortgages, satisfactory arrangements are made for their payoff and subsequent recording of discharges.

 If SELLER shall be unable to give title, or to make conveyance, or to deliver possession of the Premises as herein stipulated, the SELLER shall use reasonable efforts to remove any title defects, but need not expend more than $2,000, in order to remove such defects. In that event, the SELLER may extend the time of closing for up to thirty (30) days. If during any extension of the closing date, pursuant to this Agreement, the BUYERS are denied a mortgage loan, or the BUYERS' mortgage loan interest rate increases, the BUYERS may terminate this Agreement, all deposits paid shall be returned to BUYERS, this Agreement shall be deemed null and void.

8. **CASUALTY LOSS.** In case of any damage to the premises by fire or other casualty, after the signing and delivery of this Agreement by all parties hereto, and unless the premises shall have been restored to its former condition by the SELLER prior to the performance date, the BUYERS may, at the BUYERS' option, either cancel this Agreement and recover all sums paid hereunder or require as part of this Agreement that the SELLER pay over or assign, on delivery of the Deed, all sums recovered or recoverable on any and all insurance covering the damage and any deductible amount.

2

9. **POSSESSION.** Full possession of the premises, free of all tenants and occupants, is to be delivered to the BUYERS at the time of the delivery of the Deed, the said premises to be then in the same condition in which they now are, reasonable use and wear of the buildings thereon excepted. The SELLER also agrees that the premises will be delivered to the BUYERS in "broom clean" condition. All items belonging to the SELLER, including but not limited to SELLER'S personal possessions, building materials, debris and yard waste at the premises, paint, varnishes, paint thinners, cleaning agents and insecticides, shall be removed from the premises prior to closing. The yard located at the property is to be maintained in its present condition and the SELLER will be responsible for snow and ice removal from the walkways and driveways located at the premises through the closing date. The BUYERS shall have the right to inspect the premises for compliance with this paragraph prior to delivery of the deed upon reasonable notice to the Broker.

10. **ADJUSTMENTS.** Fuel, rents, security and rental deposits and any interest due thereon, water rates, sewer use and taxes and homeowners' association or condominium fees and/or reserves shall be apportioned as of the day of delivery of the Deed. If the amount of said taxes is not known at the time of the delivery of the Deed, they shall be apportioned on the basis of the taxes assessed for the preceding year with a reapportionment as soon as the new tax rate and valuation can be ascertained, which latter provision shall survive the delivery of the Deed.

11. **DEPOSITS.** All deposits made hereunder shall be held by Eric D. Kornblum, Esquire, SELLER'S attorney, in a non-interest bearing account and shall be duly accounted for at the time for performance of this Agreement. In the event of a dispute between the SELLER and BUYERS as to any or all of the provisions of this Agreement of the performance thereof, the Escrow Agent shall retain all deposits hereunder in the Escrow Agent's account, unless some other agreement is reached in writing between the parties, or until the dispute is resolved either by court judgment or by binding settlement between the parties. The Escrow Agent shall abide by any court decision concerning to whom the funds shall be paid and shall not be made a party to a lawsuit solely as a result of holding escrowed funds. Should the Escrow Agent be made a party in violation of this paragraph, the Escrow Agent shall be dismissed and the party asserting a claim against the Escrow Agent shall pay the Escrow Agent's reasonable attorney's fees and costs.

12. **DEFAULT.** If the BUYERS shall default under this Agreement, the BUYERS shall forfeit  the BUYERS' deposits and the Escrow Agent shall deliver said deposits to the SELLER, provided SELLER has delivered to the BUYERS and Escrow Agent a written claim for said deposit and unless, within fifteen (15) days after written notice by the SELLER to the BUYERS and the Escrow Agent of SELLER'S claim for the deposits as a result of the BUYERS' default, written notice BUYERS' dispute of SELLER'S claim is delivered by the BUYERS to the SELLER and the Escrow Agent. If no written notice

3

of dispute is so received from the BUYERS within said fifteen (15) day period, then the SELLER, BUYERS and Escrow Agent by signing this Agreement hereby agree that the Escrow Agent shall immediately release and disburse said escrowed funds to the SELLER. The SELLER'S retention of the BUYERS' deposit along with a claim by SELLER for an additional amount, if any, which together with said deposit amount shall equal five (5.0%) percent of the sale price herein shall be the SELLER'S sole remedy at law and in equity for BUYERS' default hereunder, as liquidated damages.

In the event that the BUYERS so timely delivers written notice of BUYERS' dispute of SELLER'S claim, the BUYERS shall have sixty (60) days thereafter to either at BUYERS' expense file suit in the appropriate Court of law or request binding arbitration with an agreed upon arbitrator of the dispute regarding said deposit. In the event that the BUYERS do not either file suit or request arbitration, then the SELLER, BUYERS and Escrow Agent by signing this Agreement hereby agree that the Escrow Agent shall immediately release and disburse said escrowed funds to the SELLER.

For purposes of this provision, written notice shall be deemed to be delivered by one party to the other, if said notice is hand-delivered, mailed postage prepaid by certified or registered mail, return receipt requested, delivered by overnight or other courier, or sent by facsimile transmission and so sent on or before the (deadline) date stated herein.

BUYERS and SELLER agreed that if and when this conveyance is completed and the deed of conveyance has been duly recorded, SELLER shall not be entitled to claim a right to nor bring any action to recover under the liquidated damages provision of this Agreement.

13. **MORTGAGE CONTINGENCY.** This agreement is contingent on the BUYERS' ability to obtain a (conventional, FHA, VA, MHFA, etc.) Conventional mortgage loan commitment of Two Hundred Ninety Nine Thousand Two Hundred Fifty and 00/100 ($299,250.00). If, despite the BUYERS' diligent efforts, a commitment for such a loan cannot be obtained on or before **March 15, 2013** the BUYERS shall so advise the SELLER in writing and this Agreement shall become null and void, and all payments made hereunder shall be refunded and all obligations to each other shall cease. If such written notice is not received on or before the expiration date hereinabove specified, the BUYER shall be bound to perform the BUYERS' obligations under this Agreement. Further, the BUYERS agree to provide such reasonable documentation of BUYERS' failure to obtain such loan commitment as the SELLER may request. In no event shall the BUYERS be deemed to have used "diligent efforts" to obtain such commitment unless the BUYERS submit a complete mortgage loan application conforming to the foregoing provisions forthwith.

14. **SMOKE AND CARBON MONOXIED DETECTORS.** The SELLER shall provide to the BUYERS at the time of delivery of the Deed a certificate from the fire department certifying that the premises conform to Massachusetts General Laws, Chapter 148, Section 26F and 26F½, concerning approved smoke detectors and carbon monoxide detectors.

4

15. **TERMITE INSPECTION.** This Agreement is subject to the right of the BUYERS to obtain, at BUYERS' own expense, a termite or other wood destroying insect inspection and written report being made by a licensed exterminator on or before the date hereinafter set forth **in Paragraph 20**. If the inspection shows that there is no evidence of termite or other wood destroying infestation in the existing construction or if infestations had existed, they have been corrected, this Agreement shall be in full force. If the inspection shows there is evidence of termites or other wood destroying infestations, and/or damages as a result of infestations, the BUYERS shall furnish SELLER with a copy of the written reports stating the results of the inspection. If said inspections reveal that there is infestation and that it should be treated or that any damage caused thereby requires repair, and the total cost of treatment and repair does not exceed $1,000.00, the SELLER shall undertake such treatment and/or repair and the BUYER shall be bound to perform the BUYERS' obligations under this Agreement. In the event that said cost shall exceed $1,000.00, the SELLER at SELLER'S option, may bear all expense in excess of $1,000.00, or may cancel this Agreement by notifying the Broker in writing in which event this Agreement shall become null and void and all deposits made hereunder shall be refunded to the BUYERS. Notwithstanding the SELLER'S right to cancel the BUYERS may, upon prompt written notice to the SELLER, agree to pay all amounts in excess of $1,000, in which case the SELLER shall be bound to perform under this Agreement, paying the first $1,000.00 of the cost of extermination and/or repaid. The SELLER agrees that all extermination and/or repair work shall, if any said work is necessary, shall be performed by professional, MA licenses contractors. The SELLER agrees to assign and deliver to BUYERS, at closing, all guarantees and warranties issued as a result of any treatment/repair work.

16. **LEAD PAINT LAW.** The BUYERS acknowledge that under Massachusetts Law, whenever a child under six (6) years of age resides in any premises in which paint, plaster or other accessible material contains dangerous levels of lead, the owner of said premises must remove or cover said materials so as to make it inaccessible to children under six (6) years of age. The BUYERS further acknowledge that prior to the signing of this Agreement, the SELLER and the Broker have (a) provided to the BUYERS the standard notification form from the Massachusetts Department of Public Health concerning lead pain and the BUYERS signed the property transfer notification certificate; (b) disclosed to the BUYERS any information known to the SELLER, or the Broker or any of them about the presence of such materials containing dangerous levels of lead in the premises; (c) informed the BUYERS of the availability of inspections for dangerous levels of lead; and (d) <u>verbally</u> informed the BUYERS of the possible presence of dangerous levels of lead and the provisions of the lead paint law and regulations.

17. **UNDERGROUND STORAGE TANKS.** The parties acknowledge that the Massachusetts Board of Fire Prevention has issued regulations governing the maintenance, repair and removal of fuel storage tanks to prevent and detect leakage of tank contents into surrounding soil and water supplies. The SELLER hereby discloses that there are _____ are not __✗__ fuel storage tank(s) either above or below or

5

underground at the premises. If there are one or more underground tanks at the premises, the SELLER further discloses that the tank(s) have___ have not___ been used within the past six (6) months for underground storage tanks / ____ twenty-four (24) months for above-ground storage tanks exclusively for the storage of fuel for consumption on the premises and to the best of the SELLER'S knowledge, there has been no release or leaking of fuel from such tank(s). In the event that such tanks have not been so used, SELLER agrees that SELLER will comply with the applicable provisions of 527 CMR 9.00 et seq. regarding the removal/filling of such tanks so that at the time of the delivery of the Deed, the premises will be in compliance with the provisions of the aforesaid regulations. SELLER shall provide, prior to closing, a certificate of disposal/removal for all tanks previously removed from the premises by SELLER, whether underground or above ground, as proof that storage tanks were properly disposed of. Note: For purposes of this paragraph, underground does not mean tanks in the basement.

18. **SUBSURFACE SEWAGE DISPOSAL SYSTEM INSPECTION CONTINGENCY.** Check here (____), if applicable, and attach Addendum "A", which shall become part of this agreement.

19. **MISCELLANEOUS REPRESENTATIONS.**
    a. In the event that a private water source is servicing the premises, the SELLER represents that the water source is providing adequate amounts of potable water for normal household use as of the date hereof.
    b. SELLER has no actual knowledge of any pending assessment for the repair, maintenance or improvement or expansion of the water and/or sewer systems or for any other public improvement of any type would give rise to an assessment on the property.
    c. SELLER ____ has __X__ has not received written notice from any governmental authority having jurisdiction over the property that the water supply or the sewer system is not sufficient to service the property without the need of special equipment, or that an assessment is pending or is about to be placed on the property for improvement or expansion of either or both systems or for any other public improvements.
    d. The SELLER represents that all mechanical components will be in operating condition at the time of delivery of the Deed, unless otherwise stipulated in this Agreement.

20. This Agreement is subject to the right of the BUYER to obtain, at BUYER'S own expense, an inspection of the premises and written report to include, but not be limited to, the structural condition of the dwelling(s), pool(s) if any, other structures if any, the condition of all systems in the dwelling(s) or on the premises, the existence and condition of underground storage tanks if any, the presence of insect infestation, the presence of hazardous materials on the premises or the likelihood of release of hazardous materials on or from the premises, the presence of asbestos, urea formaldehyde foam insulation, lead based paint and/or radon gas, the adequacy and suitability of the water supply and the condition and adequacy of the sewerage system,

6

by the consultant(s) of the BUYERS own choosing. The BUYERS right of inspection shall expire on _____ (recommended 10 days). The BUYERS and the BUYERS' consultant(s) shall have the right of access to the premises at reasonable times upon twenty-four (24) hours advance notice to the Broker, for the purpose of inspecting, as aforesaid, the condition of said premises. If the BUYERS are not satisfied with the results of such inspection(s), this Agreement may be terminated by the BUYERS, at the BUYERS' election, without legal or equitable recourse to either party, the parties hereby releasing each other from all liability under this Agreement, and the deposit shall be returned to the BUYERS, provided however, that the BUYERS shall have notified the Broker, in writing, together with a copy of the written report(s) of the inspection(s) on or before the inspection expiration date hereinabove specified, of the BUYERS' intention to so terminate. If such notice and written report(s) are not received on or before the inspection expiration date hereinabove specified, the BUYERS shall be bound to perform BUYERS' obligations under this Agreement.

BUYERS ACKNOWLEDGE THAT : (a) INFORMATION WAS SUPPLIED BY THE SELLER AND HAS NOT BEEN CHECKED FOR ACCURACY BY THE BROKER; (b) PUBLIC INFORMATION WAS SUBJECT TO BUYERS VERIFICATION : (c) EACH ITEM WAS SUBJECT TO DIRECT INQUIRY BY THE BUYER, AND THE BUYER HAS BEEN SO ADVISED; (d) THE BROKER MAKES NO REPRESENTATIONS REGARDING THE CONDITION OF THE PREMISES, STRUCTURES(S) THEREON OR THE MECHANICAL COMPONENTS THEREOF; AND (e) THE BUYERS HAVE NOT BEEN INFLUENCED TO ENTER INTO THIS AGREEMENT NOR HAVE THE BUYERS RELIED UPON ANY WARRANTIES OR REPRESENTATIONS NOT SET FORTHOR INCORPORATED IN THIS AGREEMENT OR PREVIOUSLY MADE IN WRITING, EXCEPT FOR THE FOLLOWING ADDITIONAL WARRANTIES OR REPRESENTATIONS, IF ANY, MADE BY EITHER THE SELLER OF THE BROKER(S).

(If none, state "none", if any listed, indicate by whom the warranty or representation was make). NONE

21. **BUYERS RELEASE OF SELLER AND BROKER(S).** The BUYERS hereby Release the SELLER and the Broker from any and all liability of any nature relating to the condition of, or any defects in, the premises or any materials, substances or structures or improvements thereon, specifically including, without limitation, all matters set forth in Paragraph 20 above, of which the SELLER or Broker, as the case may be, had no actual knowledge prior to the execution of this Agreement.

22. **FLOOD ZONE.** The SELLER warrants and represents to the BUYERS that the premises are ____ are not _X_ or that SELLER has no knowledge as to whether the premises are ____ or are not ____ in a flood zone. The parties further agree that if at any time prior to the closing it is discovered that the premises is in a flood zone that the BUYERS at BUYERS' option may terminate this agreement and this agreement shall become null and void and all deposits made hereunder shall be refunded to the BUYERS.

7

23. **CONSTRUCTION OF AGREEMENT.** This Agreement has been executed in one or more counterparts and each executed copy shall be deemed to be an original, is to be construed under the laws of Massachusetts, is to take effect as a sealed instrument, sets forth the entire agreement between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns and may be canceled, modified or amended only by a written instrument executed by the parties hereto or their legal representatives. If two or more persons are named herein as SELLER or BUYERS, their obligations hereunder shall be joint and several.

24. **NOTICE.** Any notice required to be given in this Agreement shall be in writing and shall be deemed duly given when delivered to the party entitled to such notice at the address set forth herein. Notice shall also be sent to the attorney representing the party entitled to such notice as well as to the Realtor acting as Agent for the party entitled to such notice. A facsimile of such Notice shall suffice as Notice.

BUYER'S Attorney:

SELLER'S Attorney: c/o Eric D. Kornblum, Esq.
94 North Elm Street, Suite 310
Westfield, MA  01085
Fax: (413) 568-3955
Phone: (413) 568-3900

25. **ADDITIONAL PROVISIONS.** Set forth below are additional provisions, if any, which are incorporated herein and made a part hereof: (if none, state "none".)

**TITLE STANDARDS. Any matter of practice which has not been addressed in this agreement and which is the subject of a Title Standard or Practice Standard adopted by the Massachusetts Real Estate Bar Association (REBA) shall be governed by such Standards and Practices. See REBA Practice Standard No. 17 regarding Mortgage Discharges.**

**FINANCIAL MATTERS. SELLER's Sale of the property is subject to Approval of The United States Bankrupcty court.**

It is understood and agreed by the parties that the Premises shall not be in conformance with the title provisions of the Agreement unless (a) all buildings, structures and improvements, including but not limited to any driveways and garages and all means of access to the premises, shall be located completely within the boundary lines of said

8

Premises and shall not encroach upon or under or above the property of any other person or entity; (b) no building, structure or improvement of any kind belonging to any other person or entity shall encroach upon or under or above said Premises and (c) The Premises shall abut or have access to a public way by way of recorded easement, duly laid out or accepted as such by the city or town in which said Premises are located.

**26. ADDENDUM(S) TO AGREEMENT.** Attached hereto is/are addendum(s) which is/are incorporated herein and made a part hereof: (If none, state "none")

_____ 01.18.13    _____ 01-18-2013
Mikhail Sergeychik         Date         Arseniy Sergeychik        Date

                                        _____ 01/18/13
                                        Dina Sergeychik           Date

9

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

IN RE: ) Chapter 13
)
MIKHAIL SERGEYCHIK, )
) Case No: 10-32180-HJB
Debtor. )

CERTIFICATE OF SERVICE

I, Eric D. Kornblum, Esq., state that on March 2, 2013, I electronically filed the foregoing Motion for Approval to Sell Real Estate with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. It is my understanding that notice of this filing will be provided by the CM/ECF System to the following CM/ECF participants:

Office of the US Trustee

Denise M Pappalardo, Esq., Chapter 13 Trustee

Richard T. Mulligan, Counsel for Nationstar Mortgage, LLC

Michael P. Marsille, Esq., Counsel for U.S. Bank, N.A.

Amy Azza, Esq., Counsel for US Bank Home Mortgage

I certify that on March 2, 2013, I have mailed by first class mail, postage prepaid the documents electronically filed with the court, on the following non CM/ECF participants:

Mikhail Sergeychik
38 Lower Mass Avenue
West Springfield, MA 01089

And to those on the attached service list

/s/ Eric D. Kornblum
Eric D Kornblum, Esq.

| | | |
|---|---|---|
| Bank of America<br>4161 Piedmont Pkwy<br>Greensboro, NC 27410-8110 | Bank of America Business Card<br>P. O. Box 15184<br>Wilmington, DE 19850-5184 | Bank of America Home Loans, LP<br>450 American Street<br>Simi Valley, CA 93065-6285 |
| Chase<br>800 Brooksedge Blvd<br>Westerville, OH 43081 | Chase<br>P. O. Box 15298<br>Wilmington, DE 19850 | Chicopee Savings Bank<br>70 Center Street<br>Chicopee, MA 01013-1666 |
| Dish Network<br>P. O. Box 4034<br>Woburn, MA 01888-4034 | Dish Network<br>Dept. 0063<br>Palatine, IL 60055-0063 | FBS Card Service<br>P. O. Box 9487<br>Minneapolis, MN 55440-9487 |
| HSBC Bank/Best Buy<br>P. O. Box 4153<br>attn: Bankruptcy<br>Carol Stream, IL 60128 | Sprint<br>6391 Sprint Parkway<br>Overland Park, KS 66251-4300 | Sprint<br>c/o GC Services Limited Partnership<br>6330 Gulfton Street<br>Houston, TX 77081-1108 |
| The Home Depot/CBSD<br>P. O. Box 6497<br>Sioux Falls, SD 57117-6497 | U.S. Bank<br>425 Walnut Street<br>Cincinnati, OH 45202-3923 | U.S. Bank Home Mortgage<br>P. O. Box 20005<br>Owensboro, KY 42304-0005 |
| U.S. Bank Visa Platinum Card<br>P. O. Box 790408<br>Saint Louis, MO 63179-0408 | U.S. Bank, N.A.<br>U.S. Home Mortgage<br>P. O. Box 790179<br>Saint Louis, MO 63179-0179 | U.S. Bank, N.A.<br>c/o Orlans Moran, PLLC<br>P. O. Box 962169<br>Boston, MA 02196 |
| Yelena Sergeychik<br>38 Lower Mass Avenue<br>West Springfield, MA 01089 | CR Evergreen II, LLC<br>MS 550<br>P. O. Box 91121<br>Seattle, WA 98111-9221 | Chase Bank USA, N.A.<br>P. O. Box 15145<br>Wilmington, DE 19850-5145 |
| FIA Card Services, NA, successor<br>1000 Samoset Drive<br>DE5-023-03-03<br>Newark, DE 19713 | HSBC Bank Nevada, N.A.<br>c/o Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite 200<br>Tucson, AZ 85712 | PRA Receivables Management LLC<br>Agent of Portfolio Receivables<br>P. O. Box 12914<br>Norfolk, VA 23541 |
| Portfolio Recovery Associates LLC<br>P. O. Box 41067<br>Norfolk, VA 23541 | Sprint Nextel Correspondence<br>Attn Bankruptcy Dept.<br>P. O. Box 7949<br>Overland Park, KS 66207-0949 | Sprint Nextel Distribution<br>Attn: Bankruptcy Dept.<br>P. O. Box 3326<br>Englewood, CO 80155-3326 |
| US Bank Home Mortgage<br>4801 Frederica Street<br>Fort Mill, SC 29715 | US Bank N.A.<br>Bankruptcy Department<br>P. O. Box 5229<br>Cincinnati, OH 45201-5229 | eCAST Settlement Corporation<br>P. O. Box 29262<br>New York, NY 10087-9262 |

Portfolio Recovery Associates, LLC
P.O. Box 41067
Norfolk, VA 23551

East Bay Funding, LLC
c/o Resurgent Capital Services
P.O. Box 268
Greenville, SC 29603

Capital One, NA
c/o Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712

Chase Bank USA, N.A.
P.O. Box 15145
Wilmington, DE 19850-5145

Sprint Nextel Correspondence
Attn Bankruptcy Dept.
P.O. Box 7949
Overland Park, KS 66207-0949

Bank of America, N.A.
Bankruptcy Dept
P.O. Box 26012
NC 4-105-02-99
Greensboro, NC 27420

CR Evergreen II, LLC
c/o Linh Tran
Quantum3 Group, LLC
1524 Market St., #200
Kirkland, WA 98083